**Timothy JOHNSTON, Appellant,**

v.

**Donald P. ROPER, et al., Appellees.**

**No. 05–3353.**

United States Court of Appeals,
Eighth Circuit.

Sept. 1, 2005.

Christopher Edward McGraugh, Leritz
& Plunkert, Michael J. Gorla, St. Louis,
MO, for Appellant.

Timothy Johnston, Mineral Point, MO,
pro se.

Denise Garrison McElvein, Attorney
General's Office, St. Louis, MO, for Appellees.

Before LOKEN, Chief Judge,
WOLLMAN, ARNOLD, MURPHY, BYE,
RILY, MELLOY, SMITH, COLLOTON
and GRUENDER, Circuit Judges.

SECOND AMENDED ORDER

PER CURIAM.

Appellees' Petition for Rehearing En
Banc is granted, and the stay of execution
granted by the panel is vacated.

Chief Judge Loken, Judge Bye and
Judge Melloy would deny the Petition for
Rehearing.

Judge Duane Benton took no part in the
vote on the Petition for Rehearing En
Banc.

Rehearing En Banc having been granted, and the panel's stay order having been
vacated, the matter comes before the
Court En Banc, including Judge Heaney
and Judge Bowman, on appellant's motion
for a stay of execution of a sentence of
death. The motion is denied.

Chief Judge Loken, Judge Heaney,
Judge Bye and Judge Melloy would grant
the motion.

Judge Duane Benton took no part in the
vote on the motion for a stay of execution.

The clerk is directed to append Judge
Heaney's dissent to this order. The order
and the dissent shall be published.

HEANEY, Circuit Judge, dissenting.

I cannot vote to send Timothy Johnston
to his death tonight without first having an
opportunity to review the entire district
court record relating to his claim that Missouri's execution protocol subjects him to
cruel and unusual punishment. I voted to
stay Johnston's execution for the modest
period of roughly one week to provide
myself and the other judges an opportunity to review the entire record, rather than
the incomplete record we have so far received.

The state opposed Johnston's motion to
stay his execution and has now attempted
to convince a majority of our en banc court
that its interest in a swift execution is
more important than allowing this court to
review the entire record so as to make an
informed decision about whether Johnston's Eighth Amendment claim has any
merit. I reserve the right to set forth my
views more fully at a later time.